Exhibit B

Karnati Guilty Plea Colloquy

1

```
1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF MICHIGAN
2                         SOUTHERN DIVISION

3        UNITED STATES OF AMERICA,

4                  Plaintiff,

5         v                                  No. 19-cr-20026

6
         PHANIDEEP KARNATI,
7
                   Defendant.
8        _____/

9
                              PLEA
10
               BEFORE THE HONORABLE GERSHWIN A. DRAIN
11                  UNITED STATES DISTRICT JUDGE
               Theodore Levin United States Courthouse
12                  231 West Lafayette Boulevard
                         Detroit, Michigan
13             Thursday, September 26, 2019

14       APPEARANCES:

15
         For the Plaintiff:      MR. BRANDON HELMS
16                               MR. RONALD W. WATERSTREET
                                 MR. TIMOTHY P. MCDONALD
17                               United States Attorney's Office
                                 211 W. Fort Street
18                               Detroit, Michigan  48226
                                 (313) 226-9639
19                               (313) 226-9100
                                 (313) 226-0221
20

21       For the Defendant:      MS. ANJALI PRASAD
                                 PRASAD LEGAL, PLLC
22                               117 W Fourth Street, Suite201
                                 Royal Oak, Michigan  48067
23                               (248) 733-5006

24
         Reported by:            Merilyn J. Jones, RPR, CSR
25                               Official Federal Court Reporter
                                 merilyn_jones@mied.uscourts.gov
```

2

TABLE OF CONTENTS

**WITNESSES:  PLAINTIFF**                                    **PAGE**
None

**WITNESSES:  DEFENDANT**
None

**OTHER MATERIAL IN TRANSCRIPT:**
Proceedings                                                   3

**EXHIBITS:**                     Identified              Received
None

1          Detroit, Michigan

2          Thursday, September 26, 2019 - 11:12 a.m.

3          THE CASE MANAGER:  All rise.  The United States

4    District Court for the Eastern District of Michigan is now in

5    session.  The Honorable Gershwin A. Drain presiding.

6          You may be seated.

7          The Court calls the criminal matter United States

8    of America versus Phanideep Karnati.  Case Number

9    19-cr-20026-3.

10          Counsel, please state your appearances for the

11   record.

12          MR. HELMS:  Good morning, your Honor.  Brandon

13   Helms on behalf of the United States.

14          MR. WATERSTREET:  Ronald Waterstreet appearing on

15   behalf the United States.

16          Good morning.

17          MR. MCDONALD:  And Tim McDonald appearing on

18   behalf of the United states.

19          Good morning, your Honor.

20          THE COURT:  All right.  Good morning, gentlemen.

21          MS. PRASAD:  Hi, judge.  Good morning to you.

22   Anjali Prasad representing Phanideep Karnati.

23          THE COURT:  All right.  Good morning to you also.

24          All right.  As I understand it, Mr. Karnati wants

25   to tender a plea of guilty to the charge; is that correct?

4

1          MS. PRASAD:  Yes, sir.  Without a Rule 11.

2          THE COURT:  Okay.  All right.  Then, you all want

3    to approach the podium there, counsel and Mr. Karnati.

4          And he's pretty fluid in English?

5          MS. PRASAD:  He is, judge, but I will be -- I'll

6    go back and forth with him between Hindi and English as

7    necessary.

8          THE COURT: Okay.

9          MS. PRASAD:  So, it might take a few more minutes

10   than normal, but I'm fully competent to --

11         THE COURT:  Okay.

12         MS. PRASAD:  -- speak with him in both languages.

13         THE COURT:  All right.  Good enough.  Good enough.

14         All right.  Any matters to put on the record prior

15   to Mr. Karnati pleading guilty?

16         MR. HELMS:  Your Honor, for the government, I

17   would only note that we did offer a Rule 11, but it was

18   rejected.

19         THE COURT:  Okay.

20         MS. PRASAD:  Yes, sir.

21         THE COURT:  Okay.  All right, then, I'm going to

22   have my case manager administer an oath to Mr. Karnati.

23         THE CASE MANAGER:  Please raise your right.  Do

24   you solemnly swear or affirm that the testimony you are about

25   to give to the Court in the matter here pending shall be the

1    truth, the whole truth, and nothing but the truth?

2              THE DEFENDANT:  Yes, ma'am.

3              THE CASE MANAGER:  Please state your full name for

4    the record and spell your last name.

5              THE DEFENDANT:  Phanideep Karnati is my full name.

6    My last name is K, as in king; A, as in apple; R, as in Randy;

7    N, as in Nancy; A, as in apple; T as in Tennessee; I, as in

8    igloo.

9              THE COURT:  Okay.  All right.  Mr. Karnati, do you

10   understand that you are now under oath and if you answer any of

11   my questions falsely, your answers may later be used against

12   you in a separate prosecution for perjury or false statement;

13   do you understand that?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  And how old are you?

16             THE DEFENDANT:  I'm 37 years old.

17             THE COURT:  Okay.  And how far did you go in

18   school?

19             THE DEFENDANT:  Like I completed my master's --

20             THE COURT:  Okay.

21             THE DEFENDANT:  -- from the University of

22   Louisville, Kentucky, sir.

23             And I am also pursuing my PhD from the same

24   university.

25             THE COURT:  Did you say you're working on your PhD

1    or you have completed your PhD?

2              THE DEFENDANT:  I'm working on my PhD.  I completed

3    my master's, sir.

4              THE COURT:  Okay.  So how far along are you?

5              THE DEFENDANT:  It takes a lot of time, sir.

6    Close to three and a half years as of now I'm -- I joined very

7    recently.  It may take three and a half years to five years.

8              THE COURT:  Okay.  All right.

9              So, have you been treated recently for any type of

10   mental illness or addiction to alcohol or narcotics?

11             THE DEFENDANT:  No, sir.

12             THE COURT:  Okay.  Are you currently under the

13   influence of any drugs, medication, or alcoholic beverage?

14             THE DEFENDANT:  No, sir.

15             THE COURT:  And have you previously received a

16   copy of the indictment that's been returned against you?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  And have you had a chance to speak

19   with your attorney about it?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  And has she been able to answer any

22   questions you have about it?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Okay.  And so are you satisfied with

25   the advice and counsel you've received from her up to this

1   point?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Okay.  All right.  And, let's see, do

4   you understand that the normal maximum sentence for this

5   offense is a sentence of up to five years in prison and the

6   maximum fine is an amount up to $250,000; do you understand

7   that?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  And I think the maximum supervised

10  release for this offense, is it three years or five years?

11             MS. PRASAD:  Three years, your Honor.

12             THE COURT:  Three years.  Okay.

13             So you understand the maximum supervised release,

14  which would be after custody, would be three years, you

15  understand that?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  Okay.  All right.  So, has anyone made

18  any promises to you about this plea?

19             THE DEFENDANT:  No, sir.

20             THE COURT:  Has anyone forced you to plead guilty?

21             THE DEFENDANT:  No, sir.

22             THE COURT:  Has anyone threatened you to plead

23  guilty?

24             THE DEFENDANT:  No, sir.

25             THE COURT:  And are you doing it freely and

1   voluntarily?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:   And are you pleading guilty because

4   you are guilty?

5           THE DEFENDANT:  Yes, sir.

6           THE COURT:  Okay.  All right.  So, do you have any

7   prior convictions at all?

8           THE DEFENDANT:  No, sir.

9           THE COURT:  Okay.  You've never been in any

10  trouble before?

11          THE DEFENDANT:  No, sir.

12          THE COURT:  Okay.  All right.  So, do you

13  understand that once I accept your plea, you will stand

14  convicted of a felony charge; do you understand that?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Okay.  And you understand that, you

17  know in this country, and other countries, having a felony

18  conviction affects your rights to do certain things?

19          For example, here you can't possess a firearm; you

20  can't hold certain offices; you can't get certain licenses; you

21  can't sit on juries.  There's a lot of other consequences other

22  than jail or money that go along with having a felony

23  conviction, you understand that?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  And are you a citizen of India?

1          THE DEFENDANT:  Yes, sir.  I'm a citizen of India.

2          THE COURT:  Okay.  And you are not a U.S. Citizen?

3          THE DEFENDANT:  No, sir.  I'm not a U.S. Citizen.

4          THE COURT:  And do you understand that entering

5     this plea will probably affect your right to stay in this

6     country.

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  And you understand that you may be

9     deported as a result of this?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  All right.  And you also understand

12     that in a few months from now I will be sentencing you, and I

13     don't know exactly what the sentence is going to be, but I'll

14     be looking at a presentence report on your case, that's a

15     report that may be 10 to 20 or 25 pages about you and your

16     background and your history and about this case.  I'll be

17     looking at that.

18          Have the guidelines been computed on Mr. Karnati's

19     case?

20          MS. PRASAD:  Your Honor, I did where I think the

21     guidelines are going to come at.

22          THE COURT:  Okay.

23          MS. PRASAD:  My client understands this is where I

24     feel the guidelines are.

25          THE COURT:  Okay.

1          MS. PRASAD:  I've advised him where the government

2   feels the guidelines are and that we really won't know where

3   the guidelines end up until the PSR comes, both parties lodge

4   their objections, and your Honor rules on it.

5          THE COURT:  Okay.  That's correct.

6          But I'm just curious, what's the government's

7   position on this case as far as the guidelines go?

8          MR. HELMS:  Your Honor, the Government believes

9   the guidelines will be 24 to 30 months.

10          THE COURT:  And what's your position?

11          MS. PRASAD:  I think it might come out a little

12   lower, your Honor.

13          THE COURT:  Okay.

14          MS. PRASAD:  I have it coming out at 18 to 24

15   months.

16          THE COURT:  Okay.  Okay.

17          Just so you know, Mr. Karnati, those are, that's

18   the parameter of your guidelines.  I don't know what, which one

19   I'll be adopting, but I'll be adopting one or the other more

20   than likely, you understand that?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  All right.  And there's also some

23   other laws that I have to look at in terms of imposing

24   sentence, some statutory provisions, and so do you understand I

25   will be looking at all of those things when I impose sentence

1   on your case, you understand that?

2         THE DEFENDANT:  Yes, sir.

3         THE COURT:  Okay.  All right.  And I know that

4   your trial rights have been discussed with you, but I'm

5   required under the court rules to go over them again with you

6   here in court on the record.

7         Do you understand that you previously had a not

8   guilty plea entered on your behalf and you could continue with

9   that if you want to, you understand that?

10        THE DEFENDANT:  Yes, sir.

11        THE COURT:  Okay.  And if you wanted to you could

12   have a trial on this case and your trial could be either by

13   jury or you could have a trial by judge if the government and I

14   agree to that, you understand that?

15        THE DEFENDANT:  Yes, sir.

16        THE COURT:  Okay.  And do you also understand that

17   at a trial you'd have the right to be presumed innocent and the

18   government would have to prove you guilty beyond a reasonable

19   doubt, you understand that?

20        THE DEFENDANT:  Yes, sir.

21        THE COURT:  And then also at a trial your attorney

22   could represent you throughout the case and do everything that

23   lawyers do during trials, you understand that?

24        THE DEFENDANT:  Yes, sir.

25        THE COURT:  Okay.  And also at a trial the

1    government would have to bring in witnesses to testify against

2    you, and your attorney could question and cross-examine those

3    witnesses, and also at a trial you could testify if you wanted

4    to or if you decided you didn't want to testify, that wouldn't

5    be used against you in any way, you understand that?

6                    THE DEFENDANT:  Yes, sir.

7                    THE COURT:  Okay.  And then, lastly, as far as

8    your rights go, if you elected to have a trial, and you wanted

9    to call some witnesses to testify for you, I would help you

10   bring in witnesses with subpoenas, you understand that?

11                   THE DEFENDANT:  Yes, sir.

12                   THE COURT:  Okay.  All right.  Then, is it pretty

13   clear to you that by pleading guilty to this charge you give up

14   all of those rights and you will stand convicted of the charge

15   here, you understand that?

16                   THE DEFENDANT:  Yes, sir.

17                   THE COURT:  Okay.  All right.

18                   All right.  Let's see, this case alleges, or this

19   indictment charges you with conspiracy to commit visa fraud and

20   to harbor aliens.

21                   So tell me what your involvement in the case was.

22                   MS. PRASAD:  Your Honor, we've prepared a script

23   for my client to read, after which I will probably ask some

24   follow-up questions.

25                   THE COURT:  Okay.

1          MS. PRASAD:  So, go ahead.

2          THE COURT: That's a perfectly legitimate way to

3    proceed here.

4          MS. PRASAD:  Thank you, judge.

5          THE DEFENDANT:  Good afternoon, sir, respected

6    judge, sir.

7          THE COURT:  Okay.

8          THE DEFENDANT:  Thank you so much for giving me

9    the opportunity.

10         THE COURT:  Try to speak slow and as clearly as

11   you can.

12         THE DEFENDANT:  Sure, sir.

13         THE COURT:  Okay.

14         THE DEFENDANT:  So, I talked to Santosh Sama in

15   the fall of 2017 on the phone for the first time regarding the

16   Farmington University admissions.  Between --

17         THE COURT:  Regarding?

18         Slow down and talk a little louder.  Okay.

19         MS. PRASAD:  Start over again.

20         THE DEFENDANT:  Sure.

21         So, I talked to Santosh Sama in the fall 2017 --

22         THE COURT:  Okay.

23         THE DEFENDANT:  -- for the first time on the

24   phone, and between December 2017 and March 2018 I referred 39

25   students to the Farmington University.

Case 2:19-cr-20026-GAD-EAS    ECF No. 130-2    filed 01/02/20    PageID.944    Page 15 of 24
Case 2:19-cr-20026-GAD-EAS    ECF No. 121    filed 11/07/19    PageID.823    Page 14 of 23

14

1          In total I was paid approximately dollar twelve

2    thousand for referring the students to the Farmington

3    University.

4          The first time and only time I came to Michigan

5    and meet with any person from the Farmington University was

6    June 2018.  I did not refer any students to the Farmington

7    after that meeting.

8          In December 2018 I was invited to attend a second

9    meeting at Farmington University.  On January 13, 2019 I came

10   to Michigan to attend this meeting and was arrested on that

11   same day.

12         I'm on H1 work visa and was never enrolled in the

13   Farmington University.

14         THE COURT:  You were never enrolled?

15         THE DEFENDANT:  I never enrolled in the Farmington

16   University.

17         My visa status was never dependent on being a

18   student in the Farmington University.

19         THE COURT:  Okay.

20         MS. PRASAD:  I have a few follow-up questions,

21   your Honor.

22         THE COURT:  Okay.

23         MS. PRASAD:  Mr. Karnati, you believed that the

24   students you referred were taking online classes at Farmington

25   University, correct?

```
 1            THE DEFENDANT:  Yes.

 2            MS. PRASAD:  But you understand that F1 students

 3    cannot lawfully maintain their status by attending all online

 4    courses, correct?

 5            THE DEFENDANT:  Yes, ma'am.

 6            MS. PRASAD:  That's all I needed to ask, your

 7    Honor.

 8            THE COURT:  Okay.  All right.

 9            All right, then, are both sides satisfied with the

10    factual basis for the plea?

11            MR. HELMS:  Your Honor, the government has a few

12    follow-up questions.

13            THE COURT:  Okay.

14            MR. HELMS:  Mr. Karnati, you were aware that the

15    University of Farmington did not have any in-person classes?

16            THE DEFENDANT:  Yes, sir.

17            MR. HELMS:  And so, you knew that if a student

18    were, that you recruited were to attend the university, because

19    only online classes was not valid, you knew that they could not

20    maintain their lawful status by going to the University of

21    Farmington?

22            THE DEFENDANT:  Yes, sir.

23            MR. HELMS:  Do you also acknowledge that the main

24    purpose of the school was for the students just to maintain

25    their status in the United States?
```

Case 2:19-cr-20026-GAD-EAS   ECF No. 130-2   filed 01/02/20   PageID.946   Page 17 of 24
Case 2:19-cr-20026-GAD-EAS   ECF No. 121   filed 11/07/19   PageID.825   Page 16 of 23

16

1           MS. PRASAD:  I don't think my client could speak

2   to the main purpose of the school.  He can talk about his

3   conduct.

4           MR. HELMS:  With respect to the students you

5   recruited to the university, is it your understanding that the

6   purpose of them signing up with the university in Farmington

7   was to maintain their status in the United States?

8           THE DEFENDANT:  I always believed that is one of

9   the purpose, but that is not the only purpose.

10          MR. HELMS:  But you, as I think we just went over,

11  you did know that the students you recruited, because they were

12  not taking any in-person classes, could not maintain their

13  status through the University of Farmington?

14          THE DEFENDANT:  Yes, sir.

15          MR. HELMS:  And they could not maintain it by law

16  because they had to have at least one in-person class, or they

17  had to have in-person classes?

18          THE DEFENDANT:  Yes, sir.

19          MR. HELMS:  The government is satisfied, your

20  Honor.

21          THE COURT:  Okay.  All right.  Then, are counsel

22  also satisfied that I've complied with Rule 11 in terms of

23  taking the plea?

24          MR. HELMS:  Yes, your Honor.

25          MS. PRASAD:  Yes, your Honor.

1    THE COURT:  Okay.  All right.  Then, I'm going to

2  find that in this case with regard to Mr. Karnati that he is

3  competent and capable of entering an informed plea.  He's aware

4  of the nature of the charges and the consequences of the plea,

5  and that the plea of guilty is a knowing and voluntary plea

6  supported by an independent factual basis as to each of the

7  essential elements of the offense, and so the plea is therefore

8  accepted and I'm going to find Mr. Karnati guilty of the

9  offense that's charged.

10    And I'm going to refer the matter to the probation

11  department for a presentence investigation and report.

12    And I'm going to schedule the sentencing for?

13    THE CASE MANAGER:  January 7th, 2020 at 2:30 p.m.

14    THE COURT:  Okay.  Anything else we need to take

15  up on the case at this point?

16    MS. PRASAD:  There is just one more issue, your

17  Honor, which is I just wanted to put on the record that my

18  client and I did consult with an immigration attorney and the

19  immigration consequences of this case.

20    My client had an attorney, but we actually hired

21  somebody here in Michigan to consult with us, correct?

22    THE DEFENDANT:  Yes, ma'am.

23    MS. PRASAD:  As such, he has been fully apprised

24  both by myself and the immigration attorney of the immigration

25  consequences of tendering this plea today.

1    THE COURT:  Okay.

2    THE DEFENDANT:  Thank you, ma'am.  Yes, ma'am.

3    THE COURT:  All right.

4    MR. HELMS:  From the government, your Honor, just

5  two minor points:  For sentencing purposes I believe there will

6  be forfeiture issues and restitution issues.  I'm not aware of

7  what the specific details are at this moment, but I just wanted

8  to note that for the record.

9    THE COURT:  Okay.

10    Do you understand that, Mr. Karnati?

11    THE DEFENDANT:  Yes, sir.

12    THE COURT:  Okay.  All right.

13    Anything else?

14    MS. PRASAD:  Not from me, your Honor.

15    MR. HELMS:  Not from the government, your Honor.

16    THE COURT:  All right, then, we'll -- let's see,

17  he's been on bond and there's no reason it's not to continue

18  the bond?

19    MS. PRASAD:  No, judge.  There's -- he hasn't had

20  a single bond issue.

21    THE COURT:  Okay.  And so what's --

22    MR. HELMS:  Not at this time from the government,

23  your Honor.

24    THE COURT:  What's his -- he's still working?

25    MS. PRASAD:  He's working, judge.

1        He lives in Kentucky and he's working.

2        THE COURT:  Okay.

3        I thought he was living in Connecticut or

4    something.

5        THE DEFENDANT:  Hartford, Connecticut.

6        THE COURT:  Okay.

7        MS. PRASAD:  He's got a project assignment in

8    Hartford, Connecticut.

9        THE COURT:  Okay.

10       MS. PRASAD:  So he has worked out, I worked out

11   with AUSA McDonald and the probation officer how to facilitate

12   that and everybody has more or less said it was fine.

13       I would like to say that his driver's license is

14   going to expired prior to sentencing, so I don't know if that's

15   something we can -- at some point we need to get his passport

16   back to renew the driver's license.

17       Is that something we can do?

18       THE COURT:  I don't have a problem with it at all.

19       MS. PRASAD:  So, how ever we need to work it out,

20   but, obviously, he needs that driver's license during the

21   pendency of the case and he needs it to get to Connecticut.

22       THE COURT:  Okay.  When does it expire?

23       THE DEFENDANT:  January 9th, sir.

24       MS. PRASAD:  So, I would think we would need the,

25   I would ask for the passport maybe a month in advance.  I can

1  personally get it all done, but he needs the passport to renew

2  the driver's license.

3         THE COURT:  Okay.  I don't have any problem with

4  him using the passport solely for the purpose of getting his

5  driver's license.

6         MR. WATERSTREET:  Your Honor, there's -- as a

7  result of the defendant's guilty plea, it may affect his

8  ability to maintain his H1B status.  If that happens, then his

9  ability to lawfully stay in the United States may be affected,

10 too, and his ability to get a driver's license here in the

11 United States may be affected.

12        So, I say we just cross the bridge when we come to

13 it.

14        MS. PRASAD:  Well, I can speak to that, your

15 Honor, because we've been working with the immigration attorney

16 and while that might happen, it won't happen before you render

17 your judgment of sentence.

18        So, we still need -- we can't just renew the

19 driver's license the day it expires.

20        THE COURT:  Okay.

21        MR. WATERSTREET:  I'm not sure I agree that it's

22 dependent upon your finding, your sentencing, your Honor.

23        THE COURT:  Okay.  Well, I'm going to order that

24 he be given his passport for the purpose of getting a driver's

25 license or extending his driver's license.

Case 2:19-cr-20026-GAD-EAS   ECF No. 130-2   filed 01/02/20   PageID.951   Page 22 of 24
Case 2:19-cr-20026-GAD-EAS   ECF No. 121   filed 11/07/19   PageID.830   Page 21 of 23

21

1    And that's my order, and if you want to submit a

2  brief saying that I shouldn't do that, I'm open to looking at

3  it if, in fact, I'm doing something that's contrary to law.

4    But if I have the discretion to do it, I'm going

5  to order and require that he be given his passport for the sole

6  purpose of renewing his driver's.

7    MR. WATERSTREET:  For what it's worth, your Honor,

8  one of the reasons we agreed to allow him to remain on bond is

9  the fact he would not have a passport for fear of flight.

10    THE COURT:  Well, if you want to go with counsel

11  to help maintain custody of the passport and assure that it

12  doesn't go in some other direction, you're welcome to do that,

13  or if you want an agent or somebody to go with her to make sure

14  that she doesn't do anything untoward with the passport, you're

15  welcome to do that.

16    But I think he should be able to do that -- and I

17  don't know what I'm going to do.  You know, a lot of times, if

18  he's really been good on bond, and he doesn't mess up at all,

19  and even if I impose a custody sentence on him, I'll let him, I

20  may let him stay out, I don't know, and allow him to drive

21  pending the designation of the facility that he's to serve a

22  sentence at.

23    So, you know, he may be at liberty even after the

24  sentencing date.  I don't know.

25    MR. WATERSTREET:  I understand.

1          THE COURT:  Okay.

2          MR. WATERSTREET:  I was going to suggest, your

3    Honor, that counsel and I, we can talk, we can work out an

4    arrangement to fulfill the Court's desires, but dealing with

5    the passport we would like to maintain some control and the

6    Court I'm sure understands.

7          THE COURT:  I do.  I do.  It's challenging, but I

8    know you all can rise to the challenge.

9          MR. WATERSTREET:  We can do it.

10         THE COURT:  Anything else?

11         MS. PRASAD:  Thank you, judge.

12         THE DEFENDANT:  Thank you, so much, sir.

13         THE COURT:  Okay.  We'll be in recess, then.

14         THE CASE MANAGER:  All rise.

15         Court is in recess.

16    (At 11:36 a.m. proceedings concluded)

17

18

19

20

21

22

23

24

25

Case 2:19-cr-20026-GAD-EAS   ECF No. 130-2   filed 01/02/20   PageID.953   Page 24 of 24
Case 2:19-cr-20026-GAD-EAS   ECF No. 121   filed 11/07/19   PageID.832   Page 23 of 23

23

```
 1                      C E R T I F I C A T E

 2           I, Merilyn J. Jones, Official Court Reporter of the

 3    United States District Court, Eastern District of Michigan,

 4    appointed pursuant to the provisions of Title 28, United States

 5    Code, Section 753, do hereby certify that the foregoing pages

 6    1-23, inclusive, comprise a full, true and correct transcript

 7    taken in the matter of the United States of America versus

 8    Phanideep Karnati, 19-cr-20026 on Thursday, September 26, 2019.

 9

10

11                      /s/Merilyn J. Jones
                        Merilyn J. Jones, CSR, RPR
12                      Federal Official Reporter
                        231 W. Lafayette Boulevard
13                      Detroit, Michigan  48226

14    Date: November 7, 2019

15

16

17

18

19

20

21

22

23

24

25
```